IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES HOLDERFIELD, et al** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | NO. 4:13-cv-074-RBP |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** ) | |
| et al ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This cause comes before the court on plaintiffs James and Debra Holderfield's Motion to Remand and defendants Allstate Insurance Company and Lisa Barkley's Motion to Dismiss Lisa Barkley. After careful consideration, the court finds that the plaintiffs' motion to remand is due to be denied and the defendants' motion to dismiss Lisa Barkley is due to be granted.

### I. BACKGROUND

On January 11, 2013 the defendants removed this action from the Circuit Court of Etowah County, Alabama. (Doc. 1). The defendants alleged that Barkley had been fraudulently joined and filed a motion to dismiss Barkley on January 14, 2013. (Doc. 3). On February 11, 2013, the plaintiffs filed a motion to remand, arguing that the defendants had not established this court's diversity jurisdiction. (Doc. 7). Two days later, the defendants informed the court that the plaintiffs had filed a petition in bankruptcy on January 4, 2013. (Doc. 9, ¶ 1). This court then stayed this action pending the plaintiffs' bankruptcy proceedings. Doc. 10). On February 5, 2014, the bankruptcy court lifted the automatic stay. (Doc. 13-1).

1

## II. ANALYSIS

A.     **Motion to Remand**

When the court would have had original jurisdiction, a civil action may be removed to the district court. 28 U.S.C. § 1441(a). The defendants argue that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds … $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). The plaintiffs argue that the defendants have not established either of these jurisdictional prerequisites.

*1. Diversity Requirement*

"Diversity jurisdiction … requires complete diversity—every plaintiff must be diverse from every defendant." <u>Palmer v. Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1564 (11th Cir. 1994). In the present case, Barkley and the plaintiffs are both citizens of Alabama. (Doc. 1, ¶¶ 3, 5). However, the defendants argue that the Barkley was fraudulently joined and should not be considered for jurisdictional purposes.

Fraudulent joinder exists "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id*. (emphasis original). The Eleventh Circuit has cautioned that "[t]he burden of the removing party is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A 1981)). The court in *Crowe* further elaborated:

>While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," *id.* at n. 9, the jurisdictional inquiry "must not subsume substantive determination." *Id.* at 550. Over and over again, we stress that "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *Id.* at 548–49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *See Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir.1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir. 1993).
>
>This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." *Parks v. The New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," *see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.,* 507 F.Supp. 740, 744 (S.D.Ga.1981) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated.

*Id*.

The court finds that the defendants have demonstrated that the plaintiffs cannot maintain a cause of action against Barkley under Alabama law. The complaint asserts three causes of action – breach of contract, fraud and suppression, and bad faith. These claims are not actionable against Barkley.[1]

The court first considers the breach of contract and bad faith claim. The complaint does not allege that Barkley was a party to the insurance contract. In fact, the complaint only alleges "a breach of the insurance contract between the plaintiffs and the defendant Allstate Insurance." (Doc. 1-1, ¶ 8). Because Barkley was not a party to the contract, she cannot be liable for breach

---

[1] The court notes that the plaintiffs make no argument that there is a possibility these claims can be pursued against Barkley. (Doc. 7). They only cite the defendants' heavy burden. (*Id*. at ¶ 18).

of contract. *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343 (Ala. 1993) ("Even if considered a broker or an agent, Rollison was not a party to the insurance contracts and, therefore, could not be liable for breach of those contracts."). Because the plaintiffs cannot maintain an action for breach of contract against Barkley, they cannot maintain an action for bad faith. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) ("The tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract."). Neither the breach of contract nor bad faith claim is actionable against Barkley.

Next, the court considers the plaintiffs' fraud and suppression claim. The defendants argue that "Plaintiffs make no mention of Lisa Barkley and in fact, specifically refer to a 'duly authorized insurance agent of Allstate, who has yet to be identified.'" (Doc. 14, p. 5); *see* (Doc. 1-1, ¶¶ 11-19). The fraud and suppression claim only contains allegations against Allstate and a fictitious party.[2] Furthermore, the defendants have produced a sworn affidavit from Barkley stating that she is a claims adjustor and has "no role whatsoever in the sale of any insurance policy." (Doc. 1-4, ¶ 7).[3]

The plaintiffs have not – either in their original complaint or motion to remand – alleged any cause of action against Barkley. The court therefore finds that she has been fraudulently joined and will not be considered in its analysis of complete diversity. Because the plaintiffs are residents of Alabama (Doc. 1-1, ¶ 1) and Allstate is a citizen of Illinois (Doc. 1, ¶ 4), complete diversity exists.

---

[2] "[F]ictitious 'named' parties [are] disregarded for purposes of diversity jurisdiction. *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n. 11 (11th Cir. 2011) (citing 28 U.S.C. § 1441(a)).

[3] "When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).

### 2. Amount in Controversy

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  If the amount in controversy is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams*, 269 F.3d at 1319.  When a case is removed under 28 U.S.C. 1446(b)(1) (formerly known as first paragraph removal),[4] "Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (citations omitted).

In the present case, the complaint does not contain a specific claim for damages, and the defendants do not argue that the amount in controversy is apparent from the face of the complaint.  Instead, they point to specific evidence – the plaintiffs submitted a Sworn Statement in Proof of Loss that claimed $332,377 under their insurance policy (Doc. 1-3) and had a policy limit well in excess of $75,000. (Doc. 1-2).

The plaintiffs argue that this evidence cannot be considered in determining the jurisdictional amount.  (Doc. 7, ¶ 15).  They argue that "[i]n assessing whether removal was proper …, the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007).  They also contend that this evidence "must come from the plaintiff[s]." *Id*. at 1214 n. 66.

---

[4] *See* 28 U.S.C. § 1446(b) (2011).

The court finds this argument unpersuasive. *Lowery* is not controlling for § 1446(b)(1) removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010) ("While some of the language [of Lowery] sweeps more broadly, it is dicta insofar as a § 1446(b) first paragraph case, like this one, is concerned"). The defendants attached these documents to their notice of removal, as specifically allowed by *Pretka*. 608 F.3d at 755. Based on this evidence, the court has no trouble finding that the defendants have demonstrated by a preponderance of the evidence that the amount in controversy requirement exceeds $75,000.

 B.     **Motion to Dismiss**

The defendants also move to dismiss the claims against Barkley. "[I]f fraudulent joinder is established, then the resident defendant is subject to dismissal." *Collins v. Marten Transp., Ltd.*, 2014 WL 972245, at *3 (N.D. Ala. Mar. 12, 2014) (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998)); *see also* Fed. R. Civ. P. 12(b)(6). Because the court has found that Barkley was fraudulently joined and the complaint does not state a possible cause of action against her, the claims against Barkley will be dismissed.

### III. CONCLUSION

For the following reasons, the court finds that the plaintiffs' motion to remand is due to be **DENIED** and the defendants' motion to dismiss is due to be **GRANTED**. The court will enter an order to that effect contemporaneously herewith.

**DONE** this the 21st day of April 2104.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**